UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LOPEZ, JR., | No. 2:22-cv-02043-TLN-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF AMADOR, | |
| Defendant. | |

This matter is before the Court on Plaintiff's attorney Robert Chalfant's Motion to Withdraw as Counsel for Plaintiff Robert Lopez, Jr. ("Plaintiff"). (ECF No. 6.) Defendant Amador County filed a notice of non-opposition. (ECF No. 7.) For the reasons set forth below, the Court GRANTS the motion.

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

///

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See, e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

In the instant case, Chalfant has complied with Local Rule 182(d) as he filed a declaration indicating he informed Plaintiff of his intent to withdraw in May 2023 and provided the Court with Plaintiff's last known address. (ECF No. 6-1.) Chalfant has also shown withdrawal is proper under the California Rules of Professional Conduct. More specifically, Chalfant argues his withdrawal is mandatory pursuant to California Rules of Professional Conduct 3-700(B)(2), which requires withdrawal when "[t]he member knows or should know that continued employment will result in violation of these rules or of the State Bar Act."[1] (ECF No. 6 at 3.) Chalfant further argues there are multiple grounds for permissive withdrawal. (*Id.*) Based on the foregoing, the Court finds there is good cause for Chalfant to withdraw.

The Court also finds there is a low risk of prejudice to Plaintiff and the other litigants if this motion is granted as this case is in the early stages of litigation, there are no hearings or other motions pending, and discovery is open until August 31, 2023. Lastly, the Court cannot identify any harm to the administration of justice or possible delay that would result from granting Chalfant's motion to withdraw.

///

///

///

---

[1] Chalfant cites a previous version of the California Rules of Professional Conduct. The current version of this Rule is 1.16(a)(2).

For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw (ECF No. 6), leaving Plaintiff in Pro Per.  This case is REFERRED to the assigned magistrate judge for all purposes, exclusive of the pretrial conference and trial.  *See* Local Rule 302(c)(21).  The Clerk of Court is directed to serve this Order on Plaintiff at 6008 West Park Drive, Ione, California 95640.

IT IS SO ORDERED.

DATE:  June 7, 2023

Troy L. Nunley
United States District Judge